385 A.2d 338

**COMMONWEALTH of Pennsylvania**

v.

**John HEATHERINGTON, Appellant.**

**No. 116.**

Supreme Court of Pennsylvania.

Argued March 8, 1977.

Decided April 28, 1978.

564

Gary B. Zimmerman, Rossetti & Zimmerman, Pittsburgh, for appellant.

Robert E. Colville, Dist. Atty., Robert L. Eberhardt, Asst. Dist. Atty., Pittsburgh, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION

NIX, Justice.

This is an appeal from a judgment of sentence entered upon a jury verdict convicting appellant of voluntary manslaughter under the 1972 Crimes Code.[1] 18 Pa.C.S.A. § 2503 (1973). The dispositive issue is whether the trial court erred in refusing defense counsel's request to instruct the jury that where the defense of self-defense, 18 Pa.C.S.A. § 505 (1973), is raised by the evidence at trial, the Commonwealth bears the burden of proving beyond a reasonable doubt that the killing was not committed in self-defense. In its opinion disposing of the issues raised in written post-trial motions, the lower court concluded that it did not err by refusing to so instruct the jury. We disagree and therefore reverse the judgment of sentence and order a new trial.

1. This Court's jurisdiction is based upon section 202(1) of the Appellate Court Jurisdiction Act of 1970, 17 P.S. § 211.202(1) (Supp.1977–78).

A review of the record discloses the following facts. Appellant was the manager of a bar owned by his father in McKeesport, Pennsylvania. Appellant lived in an apartment above the bar. On the evening of March 30, 1975, the victim and appellant were seated at the bar engaged in a discussion. At about 12:45 a. m. on March 31, 1975, appellant told the barmaid that he intended to retire soon for the night and asked her to serve everyone a complimentary drink for Easter.

By this time, the victim, who was a long-time friend of appellant, and the appellant had become embroiled in an argument. At about 1:00 a. m., appellant got up from the bar to leave and walked toward the back of the barroom in the direction of the stairs which lead to his upstairs apartment. The victim shouted, "Nobody walks away from me when I'm talking," and proceeded to follow appellant with his arms outstretched toward appellant. The victim had no weapons or objects in his hands. Although appellant testified that the victim grabbed him from behind around the neck and threatened to kill him, other eyewitnesses testified that they were unable to observe the victim's hands, either because of the witnesses' angle of observation or because the size of the victim (six feet one inch tall, weighing two hundred and ninety pounds) obscured their view of his hands. No witness other than appellant testified as to any physical contact between the victim and appellant immediately prior to the killing. Upon being accosted by the victim, appellant pulled a handgun from his right coat pocket and shot the victim twice, killing him. Appellant testified that because of robbery threats he carried the handgun at closing time.

The record shows that during the course of the evening, appellant had ingested at least four mixed drinks, and the victim had drunk at least ten bourbons on the rocks. The victim had a reputation for violence, especially when inebriated, and this reputation was known to the appellant.[2]

2. We have reviewed the evidence and find it sufficient to support the verdict.

In *Commonwealth v. Cropper*, 463 Pa. 529, 345 A.2d 645 (1975), this Court ruled that our review of the sufficiency of the evidence to support a voluntary manslaughter conviction must be conducted under the standard that when evidence at trial indicates the defense of self-defense, the burden is on the Commonwealth to prove beyond a reasonable doubt that the killing was not in self-defense. In so holding, this Court, in *Cropper*, concluded that this allocation of the burden of proof was compelled by the 1972 Crimes Code. *Id.* 463 Pa. at 536–38, 345 A.2d at 648–49; *see Commonwealth v. Lesher*, 473 Pa. 141, 147, 373 A.2d 1088, 1091 (1977).

In the instant case, the trial court's instructions to the jury were given prior to our decision in *Cropper*. Because defense counsel at trial correctly called to the court's attention the fact that *Commonwealth v. Rose*, 457 Pa. 380, 321 A.2d 880 (1974) (holding that where intoxication is a defense, prosecution must prove beyond a reasonable doubt that defendant did not lack requisite intent), cast some doubt on the validity of instructing the jury that the defendant bore the burden of proving self-defense,[3] *see Commonwealth v. Winebrenner*, 439 Pa. 73, 265 A.2d 108 (1970), the trial judge recognized this uncertainty and deliberately did not instruct the jury as to the burden of proof on the issue of self-defense.[4] Reviewing the entire charge, as we must, *Commonwealth v. Brown*, 467 Pa. 512, 519, 359 A.2d 393, 397 (1976), we find the following instructions relating to burden of proof:[5]

I have stated to you at the very beginning that the Commonwealth must prove its case in each and every

---

**3.** In fact this Court recently noted that *Rose* did overrule *Winebrenner* on this point. *Commonwealth v. Lynch*, 477 Pa. 390, 393, 383 A.2d 1263, 1264 (1978).

**4.** In the instant case the trial judge stated on the record: "I do not wish to jeopardize this case on a possible erroneous instruction, and I, therefore, purposely have not made mention of what is required to be proved."

**5.** The charge to the jury took up more than eighty pages of printed record. The quoted excerpts of this charge fairly represent the trial judge's instruction on burden of proof.

element of the charges against the accused beyond a reasonable doubt.

. . . . .

Therefore, the Commonwealth has the burden of proof. And it's a burden of proof that never shifts from the Commonwealth. The Commonwealth always has it. The Commonwealth must prove its case beyond a reasonable doubt. It is required to prove its case and every material portion of it by this test.

. . . . .

And the third possible verdict that you may have here is that the accused is not guilty of either the first count of murder in the third degree or of voluntary manslaughter, by reason of what you may determine, either that the Commonwealth has not established all of the essential elements, or that if the Commonwealth did establish it, the claim of self-defense in this case, you find is warranted.

In the trial court's opinion on post-trial motions, which opinion was written with the benefit of our *Cropper* decision, the trial court reasoned that *Cropper* did not overrule *Winebrenner* because in *Cropper* the question of what was the correct jury instruction on self-defense had not been properly preserved for appellate review. Although the lower court was correct that the jury instruction question was waived in *Cropper, Commonwealth v. Cropper, supra,* 463 Pa. at 535–36, 345 A.2d at 648, in conducting the sufficiency review in *Cropper* this Court held that henceforth the burden was on the prosecution to disprove self-defense beyond a reasonable doubt. *Id.* 463 Pa. at 537–38, 345 A.2d at 649. It is immaterial that this change of the burden of proof was announced in the context of a sufficiency analysis rather than in a discussion of the appropriate jury instruction. The change of the burden would necessarily require an alteration of the former instruction on self-defense. The

controlling question in the instant case is whether the jury charge did conform with *Cropper*.[6]

The 1972 Crimes Code, *see* 18 Pa.C.S.A. §§ 2501, 2502 (1973 & Supp.1977–78), perpetuated the traditional distinction between murder and voluntary manslaughter. This distinction is that voluntary manslaughter is an intentional killing committed without malice, whereas malice is an essential element of murder. *Commonwealth v. O'Searo*, 466 Pa. 224, 240, n. 6, 352 A.2d 30, 38, n. 6 (1976). In a prosecution for murder, evidence of provocation or self-defense tends to negate the malice required to prove murder. *See Commonwealth v. Robinson*, 452 Pa. 316, 323, 305 A.2d 354, 357 (1973). Thus, we think that *Cropper* requires a trial court to instruct the jury so as to convey the following concepts: (1) That in order to prove murder, the prosecution must prove beyond a reasonable doubt that the killing was malicious; (2) That evidence of self-defense, from whatever source, tends to negate the malice required for murder; (3) That in order to meet its burden of proof on the element of malice, the prosecution must exclude self-defense beyond a reasonable doubt. While a trial court is free to use its own language in instructing the jury, *Commonwealth v. Lesher, supra*, 473 Pa. at 147, 373 A.2d at 1091, whatever language is used must explain accurately the above-described relationship between evidence of self-defense and the essential element of malice in a murder prosecution. In short, the jury must be fully aware that the finding of malice requires the exclusion of the defense of self-defense.

As shown by the quoted excerpts of the trial judge's instruction in the instant case, the jury received no

6. The application of the *Cropper* decision to the instant factual situation does not raise a question of retroactivity. *Cropper* made clear that it was not announcing a rule pursuant to the court's supervisory powers, but was rather applying a legislative mandate required by the Crimes Code of 1972. Since the instant criminal episode is governed by the 1972 statute, the burden of proof required the 1972 Crimes Code relating to self-defense is also applicable. Additionally, a majority of this Court held in *Commonwealth v. Lynch, supra*, that the *Cropper* holding was also mandated by the federal constitution.

specific instructions explaining the relationship between evidence of self-defense and the element of malice. The trial court reasoned that by not placing any burden on the appellant to establish any element, the court avoided any conflict with the *Cropper* decision. Similarly, the Commonwealth urges strongly that the court's deliberate placement of the burden on the Commonwealth to prove all of the elements of the crime throughout the charge eliminates the necessity to specifically instruct the jury with reference to the burden of the respective parties as to the evidence relating to self-defense. Both the trial court and the Commonwealth in their reasoning assume that the affirmative placement of the burden of proving the material elements of the crime upon the Commonwealth necessarily conveys to the jury that this requires that the Commonwealth disprove the presence of self-defense beyond a reasonable doubt. This assumption is unwarranted, particularly in light of the language which was used in the instant charge, wherein the trial court stated:

> And the third possible verdict that you may have here is that the accused is not guilty of either the first count of murder in the third degree or of voluntary manslaughter, by reason of what you may determine, *either that the Commonwealth has not established all of the essential elements, or that if the Commonwealth did establish it, the claim of self-defense in this case, you find is warranted.* (Emphasis added).

The italicized portion of the above excerpt suggested to the jury that even if the Commonwealth proved all material elements of murder, including malice, a claim of self-defense, if believed by the jury, would result in acquittal. Not only does this language fail to explain the relationship between malice and evidence of self-defense, it indicates that both malice and self-defense may be legally established in a murder prosecution, when in fact the two are mutually exclusive. This instruction and the concept it conveys is contrary to our understanding of how the rule announced in

*Cropper* must be explained to the jury. Therefore, we hold that the trial court's burden of proof instruction was erroneous.[7]

Finally, because there was a factual dispute as to whether the victim actually throttled appellant from behind before the shooting, a dispute going to the reasonableness of appellant's asserted belief that his life was in danger, we cannot say that the trial judge's failure to instruct in accordance with *Cropper* could not have contributed to the verdict. Thus, the error is not harmless. *Commonwealth v. Story*, 476 Pa. 391, 409, 383 A.2d 155, 164 (1978).

Accordingly, the judgment of sentence is reversed and a new trial is ordered.

EAGEN, C. J., and O'BRIEN, J., concur in the result.

---

**7.** This writer has had occasion to comment upon the importance of jury instructions on the standard to be employed in determining guilt or innocence.

> Nothing is more basic to the adjudicatory process than the standard to be employed by the finder of fact in the determination of guilt or innocence. Where the standard employed is so completely contradictory as to render it unintelligible, the fact finder is left without guidance and due process is offended. *Commonwealth v. Rose*, 457 Pa. 380, 397, 321 A.2d 880, 888 (Nix, J., concurring).

Although this writer's concern in *Rose* was prompted by the confusion created by imposing a burden of proof on both prosecutor and defendant as to the issue of intoxication, *id.* 457 Pa. at 396, 321 A.2d at 887–88, it is also applicable in the instant case where the trial judge failed to provide the jury with any standard to apply to the issue of self-defense, thus leaving the jury without legal guidance on an issue over which there was a bona fide factual dispute.