**Commonwealth v. Mizell**

*William H. Platt,* district attorney, *James B. Martin,* assistant district attorney, for the Commonwealth.

*Fredrick E. Charles, Michael E. Moyer,* for defendant.

DIEFENDERFER, *J.,* December 3, 1984—Defendant, Charles Mizell, was charged with criminal homicide for the fatal stabbing of Douglas Thomas on July 30, 1982. On March 2, 1983, the case was tried before a jury and defendant was found guilty of third degree murder on March 7, 1983. Defendant filed a motion for a new trial and motion in arrest of judgment which are presently before the court for disposition.

On July 30, 1982, at approximately 7:30 p.m., defendant entered his apartment building at 529 Turner Street, Allentown, where he shared an apartment on the third floor with the victim, Douglas Thomas. Upon entering the building, defendant proceeded to the second floor apartment of Dorothy Clemens, went in without knocking and began to kick her furniture; he was then asked to leave Clemens' apartment, which he did. Ms. Clemens told her next door neighbor, Linda Donner, about the incident and then went to dinner with a friend; they returned to Ms. Clemens' apartment shortly before 9:00 p.m.

Ms. Donner saw Douglas Thomas approach the apartment building at approximately 9:30 p.m. and told him about the earlier incident in Ms. Clemens' apartment involving defendant. She stated that Mr. Thomas became very angry and rushed up the steps of the apartment building, returned downstairs after

a very short time and then ran back upstairs after hearing defendant shout a taunt from the third floor window. Mr. Thomas shouted a threat to defendant as he ran back up the stairs. Ms. Donner followed Mr. Thomas up to the third floor and observed defendant and Mr. Thomas wrestling in the upstairs hallway; both men were standing and no weapons were observed at this time. Ms. Clemens came out of her apartment after hearing Ms. Donner's calls and she also observed the two men fighting. Ms. Clemens returned to her apartment, called the police and again joined Ms. Donner at the entrance of the third floor stairway. At this time, defendant was observed lying on his back on the floor and the victim, Mr. Thomas, was straddling him; Thomas' hands were around defendant's neck or over his shoulders.[1] Defendant stabbed the victim one time with a knife with a three and one-half inch blade. The victim then walked down the steps and fell to the floor. The cause of death was the single stab wound which perforated his heart. Ms. Donner testified that she heard defendant say "that's what you get for messing with me" after he stabbed the victim. Ms. Clemens did not hear defendant say anything at that time.

Further testimony established that the victim was acutely intoxicated at the time of the incident, with a blood alcohol level of 0.24 percent.

---

1. Ms. Donner testified at the preliminary hearing that Thomas' hands were around defendant's throat; at trial, she denied the above statement and testified that Thomas' hands were around defendant's shoulders or neck. We must view all of the evidence in the light most favorable to the Commonwealth and therefore view the attempted impeachment of Ms. Donner at trial with her former statement and the credibility issue created thereby as having been resolved in favor of the Commonwealth.

The jury was instructed as to the applicable law pertaining to the charges of murder in the first degree, murder in the third degree, voluntary manslaughter and involuntary manslaughter and the law concerning self-defense. The jury was also instructed that an inference of malice could be drawn from the use of a deadly weapon on a vital organ of the victim's body.

Defendant contends that the evidence presented was not sufficient for the jury to convict him of any of the charges in that the evidence established self-defense beyond a reasonable doubt. In the alternative, defendant claims that, even if the jury could have determined that his use of deadly force during the fight was unreasonable, thereby precluding a finding of self-defense, the evidence fails to support the conviction of third degree murder because the Commonwealth failed to establish the existence of malice beyond a reasonable doubt.

In addition to his motion in arrest of judgment, defendant raised a number of issues in his motion for a new trial. Because of our disposition of defendant's motion in arrest of judgment, we do not address the issues raised to the motion for a new trial.

Murder of the third degree is a killing done with legal malice but without the specific intent to kill. Commonwealth v. Pitts, 486 Pa. 212, 404 A.2d 1305 (1979). Malice, express or implied, is an essential element of third degree murder and is the distinguishing factor between murder and manslaughter, Commonwealth v. Young, 494 Pa. 224, 431 A.2d 230 (1981); its existence must be established beyond a reasonable doubt in order to sustain a conviction of murder. Commonwealth v. Heatherington, 477 Pa. 562, 385 A.2d 338 (1978); Commonwealth v. Oates, 448 Pa. 486, 295 A.2d 337 (1972). It is well settled that malice may be inferred from proof of the

use of a deadly weapon on a vital part of the victim's body. Commonwealth v. D'Ambro, 500 Pa. 303, 456 A.2d 140 (1983); Commonwealth v. Gardner, 490 Pa. 421, 416 A.2d 1007 (1980). However, "[w]hile this inference is well recognized in our law, *it will not be permitted to support a finding of malice where the direct evidence presented in the Commonwealth's case proves the contrary.*" (Emphasis in original.) Commonwealth v. McGuire, 487 Pa., 208, 213, 409 A.2d 313, 316 (1979), quoting Commonwealth v. Caye, 465 Pa. 98, 101, 348 A.2d 136, 137 (1975). We find that the above principle is directly applicable in the instant case.

Viewing the evidence in the light most favorable to the Commonwealth and drawing all reasonable inferences therefrom in favor of the Commonwealth, we find that the evidence presented at trial was insufficient to establish malice. Here, as in Commonwealth v. McGuire, supra, and Commonwealth v. Caye, supra, the direct evidence presented in the Commonwealth's case negated any possible inference of malice which might arise from the fact that defendant used a deadly weapon on a vital part of the victim's body. Further, the additional evidence relied upon by the Commonwealth to establish malice fails to support such a finding; rather, said evidence established that defendant acted out of anger and rage in response to legally sufficient provocation. Moreover, the evidence presented by the Commonwealth clearly suggested the possibility that defendant may have acted in self-defense. In a prosecution for murder, evidence of provocation or self-defense negates the malice required to prove murder, Commonwealth v. Heatherington, supra at 568, 385 A.2d at 341; the concepts of malice and self-defense are mutually exclusive. Commonwealth v. Hilbert, 476 Pa. 288, 300-01, 382 A.2d

724, 731 (1978); Commonwealth v. Heatherington, supra, at 569, 385 A.2d at 342. After viewing the evidence presented at trial in light of the above principles, we find that the Commonwealth failed to prove the existence of malice beyond a reasonable doubt and that the evidence was therefore insufficient to support defendant's conviction of third degree murder, as the evidence presented negated any inference of malice which would arise from defendant's use of a deadly weapon on a vital organ of the victim; moreover, the evidence otherwise failed to establish the existence of malice.

Although we have concluded that the evidence presented did not provide a basis for a conviction of a malicious killing beyond reasonable doubt, we are unable to accept defendant's contention that the evidence was insufficient to convict him of any of the charges because the killing was a justifiable one. Although the evidence presented was insufficient to establish malice, thus precluding a verdict of murder, we are unable to conclude, as a matter of law, that the evidence presented provided a basis for finding that the killing was justifiable beyond a reasonable doubt. Although the evidence could support a finding that the killing was done in self-defense, sufficient evidence was also presented to sustain a conviction for voluntary manslaughter. "[W]hen there is evidence at trial from whatever source that a killing may have been done in self-defense, the burden is upon the Commonwealth to prove beyond a reasonable doubt that the defendant was not acting in self-defense." Commonwealth v. Helm, 485 Pa. 315, 321, 402 A.2d 500, 503 (1979) quoting Commonwealth v. Cropper, 463, Pa. 529, 537-38, 345 A.2d 645, 649 (1975). In order to meet this burden of proof, the Commonwealth must establish one

of the following elements beyond a reasonable doubt:

(1) that the defendant did not reasonably believe it was immediately necessary to kill in order to protect himself against death or serious bodily harm, or that the defendant used more force than was necessary or reasonably appeared to him to be necessary to save himself from death, great bodily harm or the commission of a felony,

(2) that the defendant provoked the use of force, or

(3) that the defendant had a duty to retreat and that retreat was possible with complete safety. (Citations omitted.) Commonwealth v. Fisher, 491 Pa. 231, 236, 420 A.2d 427, 430 (1980); see also, 18 Pa. C.S. §505(b)(2).

The Commonwealth agrees that defendant had no duty to retreat but contends that the evidence and the reasonable inferences therefrom established beyond a reasonable doubt that defendant did not reasonably believe he was in danger of death or serious bodily injury and that defendant provoked the use of force.[2] Defendant contends that the Commonwealth failed to establish any of the above elements, and thus failed to negate self-defense beyond a reasonable doubt.

As noted previously, we find that the testimony presented could support either a finding that the

---

2. We are unable to find any evidence that defendant provoked the use of force. The victim initiated the encounter with defendant when he rushed upstairs into the apartment. Defendant's actions in shouting a single phrase out of the third floor window in order to taunt the victim did not provoke the use of force nor did it provoke or continue the difficulty which resulted in the death.

killing was justifiable or a conviction of voluntary manslaughter and that the resolution of the factual questions raised by the conflicting testimony and the decision as to whether or not the killing was justifiable is within the province of the finder of fact.

In particular, the evidence raises a jury question as to whether defendant could have reasonably believed that he was in danger of either death or serious bodily injury and that the force he used was necessary to protect himself from the same. The evidence was undisputed that defendant was lying on his back on the floor and that the victim was on top of him, straddling him, at the time he stabbed the victim. It was also undisputed that the victim was acutely intoxicated and that he was extremely angry with defendant at the time of the incident. We find that the above evidence raises a jury question as to whether defendant could have reasonably believed that he was in danger of death or serious bodily injury and that the force he used was necessary to protect himself. Depending upon the fact finders' resolution of the various conflicts in the testimony, said evidence could also provide a basis for a conviction of voluntary manslaughter, if it were determined that defendant's actions resulted from an unreasonable apprehension of the threat of death or serious bodily injury or that defendant's apprehension of harm was reasonable but he used unnecessary force in response thereto.[3] Commonwealth v.

---

3. The testimony could also be found to support a conviction of voluntary manslaughter as the evidence was sufficient for the fact finder to conclude defendant acted while under the influence of passion which was caused by legally adequate provocation. See, Commonwealth v. Berry, 461 Pa. 233, 336 A.2d 262 (1975). Passion includes any emotions of the mind known as anger, rage, sudden resentment or terror, rendering

Caye, supra; see also, Commonwealth v. Light, 458 Pa. 328, 326 A.2d 288 (1974); Commonwealth v. Carbonetto, 455 Pa. 93, 314 A.2d 304 (1974); Commonwealth v. Pride, 450 Pa. 557, 301 A.2d 582 (1973); Commonwealth v. Edwards, 448 Pa. 79, 292 A.2d 361 (1972).

In conclusion, we find that the evidence was insufficient to support the verdict of murder in the third degree because the Commonwealth failed to establish the requisite element of malice beyond a reasonable doubt. Because we have determined that the evidence could support a conviction of voluntary manslaughter, we reject defendant's proposition that we rule, as a matter of law, that the killing was justifiable. Whether the evidence is sufficient to support a voluntary manslaughter conviction or a justifiable killing is for the finder of fact.[4]

For the aforementioned reasons, defendant's motion in arrest of judgment is hereby granted and defendant is hereby discharged as to the count charging murder in the third degree; a new trial is hereby ordered on the charge of voluntary manslaughter.[5]

the mind incapable of cool reflection. Commonwealth v. Cain, 484 Pa. 240, 398 A.2d 1359 (1979); Commonwealth v. McCusker, 448 Pa. 382, 292 A.2d 286 (1972).

4. After a finding that the evidence was insufficient to sustain the degree of homicide upon which the jury returned their verdict, the entry of a verdict for a lesser degree of homicide would be improper because it would usurp the function of the jury. Commonwealth v. McGuire, supra, at 221, n.7, 409 A.2d at 320, n.7; Commonwealth v. Wagner, 486 Pa. 548, 558, 406 A.2d 1026, 1031 (1979).

5. See, Commonwealth v. McGuire, supra.

## ORDER

Now, December 3, 1984, defendant's motion in arrest of judgment is hereby granted and defendant is hereby discharged as to the count charging murder in the third degree. A new trial is hereby ordered and directed on the charge of voluntary manslaughter.

Bail may be set for said defendant upon presentation to this court of an appropriate petition.