THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHERMAN MORRIS, Appellant.

Fourth Department, July 12, 1985

APPEARANCES OF COUNSEL

*Timothy W. DeJohn* for appellant.

*Howard R. Relin, District Attorney (Elizabeth Clifford* of counsel), for respondent.

## OPINION OF THE COURT

GREEN, J.

Defendant seeks reversal of a judgment of conviction for assault in the second degree (Penal Law § 120.05 [2]) and criminal possession of a weapon in the second degree (Penal Law § 265.03) because the trial court failed to charge justification as a defense to both crimes. In addition to the two charges of which he was convicted, defendant was charged with murder in the second degree, all charges arising from the shooting of Freddie Gibson and James Avery in a tavern in the City of Rochester on November 24, 1982. Defendant claimed he shot and killed Gibson in self-defense after Gibson stabbed him with a knife. A stray shot accidentally struck Avery in the leg. The trial court charged justification as a defense to the murder count of the indictment (of which defendant was acquitted) but did not so charge with respect to the second degree assault and weapon possession charges. This was error.

The salient facts are these. Three weeks prior to the shooting defendant purchased from Gibson drugs defendant discovered were less than satisfactory. Gibson refused to replace the drugs or return defendant's money and bad feelings developed between the two men. Thereafter defendant grabbed some illicit pills from Gibson without paying for them, Gibson retaliated by hitting defendant with a bottle and the next day, November 19, 1982 (5 days before the shooting) defendant got a gun.

On the evening of November 24, 1982, defendant and his friend were drinking in the tavern when Gibson came in around 9:30 P.M. Defendant heard a scream, looked back and saw a knife in Gibson's hand. Defendant tried to duck but the knife struck the back of his head. Defendant, while trying to escape, blocked another knife thrust with his left hand but was cut slightly in the neck and again on the wrist. Defendant then pulled a gun and shot Gibson twice, once in the head and once in the chest. Defendant fired another shot and accidentally hit James Avery, a bar patron, in the leg. Gibson died and Avery suffered a bullet wound.

Defendant surrendered to the police (at 3:00 A.M. on November 25, 1982) and helped the police locate the gun. The police found a bloodstained knife at the scene but did not find any

fingerprints on it. At least three bar patrons saw Gibson with a knife during the fight. Defendant claimed that he did not intend to kill Gibson and shot him in self-defense.

The court, in addition to charging the three counts of the indictment, charged as lesser included offenses, first degree manslaughter, third degree criminal possession of a weapon, and third degree assault. The trial court charged justification only with respect to the murder count of the indictment, of which defendant was acquitted. Defendant was convicted of second degree assault (Penal Law § 120.05 [2] [intentionally causing physical injury to another person or to a third party by means of a deadly weapon]) and second degree criminal possession of a weapon (Penal Law § 265.03 [possessing a loaded firearm with intent to use it unlawfully against another]). Defendant appeals, claiming he was entitled to a charge on justification on the assault and weapon charges and that the jury verdicts of guilty on the second degree assault and second degree weapon counts were repugnant to the acquittal on the murder count.

Though neither the People nor defendant have cited any New York authority on the precise issue of the use of justification by a defendant in defense of a prosecution for assault of an innocent bystander, the issue has been considered in other jurisdictions. The general rule is stated as follows:

"The general rule in criminal law that one who does an unlawful act is liable for the consequences even though they may not have been intended may have a more specific counterpart in the rule in homicide and assault cases that a homicide or assault partakes of the quality of the original act, so that the guilt of the perpetrator of the crime is exactly what it would have been had the blow fallen upon the intended victim instead of the bystander. Under this rule the fact that the bystander was killed or injured instead of the intended victim becomes immaterial, and the only question at issue is what would have been the degree of guilt if the issue intended had been accomplished; the intent is transferred to the person whose death or injury has been caused.

"If, then, the perpetrator of the homicide or of the assault had no criminal intent in attempting to injure or kill another person, as where the perpetrator was lawfully defending himself from the harm sought to be inflicted upon him by such other person, the fact that, on that occasion, a third person was unintentionally injured or killed by the perpetrator would not make him liable, unless the perpetrator acted carelessly or without regard

to the safety of innocent bystanders. This view has been applied in a variety of circumstances in which the perpetrator of the homicide or assault has been prosecuted for murder, manslaughter, or assault, based upon injury to or death of a third person." (Ann., 55 ALR3d 620, § 2, at 622-623.)

This would appear to be the rule in the jurisdictions that have considered self-defense as it relates to unintended injuries to bystanders (55 ALR3d 620, 623-625, § 3 [a]; *see, e.g., People v Adams,* 9 Ill App 3d 61, 291 NE2d 54; *State v Clifton,* 32 Ohio App 2d 284, 290 NE2d 921; *Caraway v State,* 98 Tex Cr Rep 119, 263 SW 1063; *State v Dalton,* 178 NC 779, 101 SE 548; *Pinder v State,* 27 Fla 370, 8 So 837). Some jurisdictions have an additional requirement that in order for a defendant to escape liability for unintended injury to bystanders, he must not only be properly engaged in defending himself, but he must do so prudently and with due care (i.e., in a nonnegligent manner) (*see, e.g., People v Jackson,* 390 Mich 621, 212 NW2d 918; *People v Adams, supra; Pinder v State, supra*).

In considering whether a trial court's charge was adequate, the record must be considered in the light most favorable to the defendant (*People v Steele,* 26 NY2d 526, 529). If on any reasonable view of the evidence the jury might have decided that defendant's actions were justified, the failure to charge justification constitutes reversible error (*see, People v Farnsworth,* 65 NY2d 734; *People v Padgett,* 60 NY2d 142, 145; *People v Watts,* 57 NY2d 299, 301). Defendant was charged with second degree assault for intending to cause injury to Gibson and causing injury to Avery, an innocent bystander, by means of a deadly weapon (Penal Law § 120.05 [2]). If a reasonable view of the evidence indicated that defendant may have been justified in shooting Gibson, then defendant was no less justified in shooting Avery accidentally (*see generally,* 55 ALR3d 620; *see also, People v Adams, supra; State v Clifton, supra; cf. People v Jackson, supra*). This is not to say that, under certain circumstances, a defendant could not be convicted of a lesser included offense if the jury concluded that injury to a bystander was caused by defendant's reckless or negligent conduct (*see, People v Jackson, supra; Pinder v State, supra*).

■ In the instant case, the jury has already determined that defendant was justified in killing Gibson. This would be the law of the case and would prevent a finding that he intended to shoot Avery, the innocent bystander. Therefore, defendant could not be convicted of assault in the second degree. Given the fact that Gibson lunged several times at defendant with a knife and that

defendant instantaneously responded in shooting him, we find no evidence in the record which would support a finding of guilty of reckless or criminally negligent assault. Therefore, a trial on any lesser included offense is not warranted and the count of assault, second degree, is reversed and dismissed (*see,* CPL 470.20 [2]).

We turn to the defendant's contention that the court should have charged justification as to the possession of a weapon count of the indictment. Defense counsel did not, however, request a charge of justification with respect to second degree criminal possession of a weapon. Defense counsel did request a charge on the "recent, innocent and temporary possession" of the weapon. Under the circumstances of this case, we find it appropriate to review the question in the interest of justice (CPL 470.15 [3] [c]; [6] [a]).

■ The count of possession of a weapon in the second degree requires a finding that defendant possessed the weapon unlawfully with intent to use it against another. On the facts of this case, the jury could have found that defendant possessed the weapon to defend himself against deadly physical force from Gibson. On the other hand, the jury could have found that defendant armed himself before he had knowledge that any threat of deadly physical force would be made against him. Since these possibilities exist, the conviction for possession of a weapon is reversed and the count of the indictment is remitted for a new trial.

Defendant's final contention is that the jury verdict acquitting him of the murder count is repugnant to the jury verdict convicting him of assault and criminal possession of a weapon. This is so, defendant argues, because the jury verdicts acquitting him of the homicide indicated a finding that he properly acted in self-defense and, therefore, vitiated the intent required to convict for assault, second degree, and criminal possession of a weapon, second degree. We note that defendant failed to preserve the repugnancy issue for appeal since he did not object to the verdict, or assert his repugnancy claim prior to the discharge of the jury, so that the verdict could be reconsidered by the jury (*see, People v Stahl,* 53 NY2d 1048; *People v Bruckman,* 46 NY2d 1020). However, a valid argument could be made that by requesting a justification charge with respect to the assault and a lesser included weapons possession offense the defendant registered his objection to the charge and did not waive his claim of repugnancy (*see, People v Parks,* 59 AD2d 543). The claim is without merit in any event.

■ A verdict is repugnant when there is an acquittal on one count which negates an essential element of an offense for which defendant was convicted (*People v Tucker*, 55 NY2d 1). The critical concern is that an individual not be convicted for a crime on which the jury has actually found that the defendant did not commit an essential element (*People v Tucker, supra*, at p 6). The crimes for which defendant was convicted do not share any elements in common with the crimes for which defendant was acquitted. Therefore, the verdicts were not repugnant.

Accordingly, the judgment of conviction for assault in the second degree should be reversed, and indictment dismissed (CPL 470.20 [2]). The judgment of conviction for criminal possession of a weapon in the second degree should be reversed, and a new trial granted.

HANCOCK, JR., J. P., CALLAHAN, DOERR and DENMAN, JJ., concur.

Judgment insofar as it convicts defendant of the crime of criminal possession of a weapon in the second degree unanimously reversed, on the law and as a matter of discretion in the interest of justice, and a new trial granted; insofar as it convicts defendant of assault, second degree, unanimously reversed, on the law, that count of the indictment dismissed, and sentence imposed thereon vacated.