710 A.2d 1130

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Anthony Michael FOWLIN, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 22, 1997.

Decided April 23, 1998.

Gary Neil Asteak, Easton, for Anthony Michael Fowlin.

Mark Refowich, John Morganelli, Easton, for Com.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

*OPINION OF THE COURT*

FLAHERTY, Chief Justice.

The sole issue in this case is whether a person who unintentionally injures a third party bystander while using justifiable force in self-defense may be criminally liable for his injury to the bystander. For the reasons that follow, we hold that he may not be criminally liable.

On December 12, 1993 Fowlin was present in a nightclub in Easton, Pennsylvania. He was armed with a handgun. Three men, two of whom were also armed with handguns, accosted Fowlin in the club, and one of the three sprayed pepper gas in his eyes. At approximately the same time, a second man drew a handgun. Fearing that he was about to be killed, Fowlin drew his own handgun and fired repeatedly in the direction of the attackers.[1] Although he was nearly blinded by the pepper spray, he killed the assailant who had drawn the gun and wounded one of the others. He also wounded a bystander. At the time of the shooting, approximately 200 people were present in the nightclub.

Immediately after the shootings, Fowlin left the nightclub and subsequently turned himself in to Easton police. Fowlin

---

1. The Commonwealth states that although it is unclear from the record how many times the gun was fired, it appears to have been more than seven times.

was charged with various crimes associated with the incident, but the district attorney subsequently withdrew all charges with respect to his attackers on the grounds of justifiable self-defense. However, the district attorney did not dismiss charges of recklessly endangering another, 18 Pa.C.S. § 2705, and aggravated assault, 18 Pa.C.S. § 2702(a)(1) and (4) with respect to the bystander.

Because the charges with respect to the bystander were not withdrawn, Fowlin filed a habeas corpus petition, which required the trial court to determine whether there was a prima facie case against him which would justify going to trial. The issue was whether a person who lawfully employs self defense could be criminally liable for unintentionally inflicting injury upon a bystander while employing self-defense.

The trial court determined that there was no Pennsylvania case on point and that in cases from other jurisdictions the majority rule is that when one acts in justifiable self-defense, the inadvertent death or injury of a bystander does not result in criminal liability with respect to the actor. The court rejected this line of cases, holding that some limits on the employment of self-defense were required as a matter of public policy. Accordingly, the trial court held that in order to avoid criminal liability, the person defending himself must not only be properly engaged in defending himself, but he must not act recklessly. The trial court then proceeded to determine that it was likely that on the facts of this case, a jury could find that Fowlin had acted recklessly, and therefore, denied the application for habeas corpus.

The trial court then certified the question to the Superior Court pursuant to 42 Pa.C.S. § 702(b), because its order concerned a controlling question of law on which there was substantial ground for difference of opinion and an immediate appeal from the order could materially advance the ultimate termination of the case. The Superior Court granted Fowlin's petition for permission to appeal an interlocutory order, and an evenly divided Superior Court affirmed the trial court's denial of the habeas corpus petition.

The members of the Superior Court in favor of affirmance relied on Section 3.09 of the Model Penal Code and on 18 Pa.C.S. § 505(b)(3), to reach the conclusion that a person who acts recklessly or negligently in exercising his right of self-defense may be held criminally liable for injuries suffered by a bystander. Section 3.09 of the Model Penal Code provides that a person who acts in justifiable self-defense but recklessly or negligently injures an innocent person may be found criminally liable, and 18 Pa.C.S. § 505(a) and § 505(b)(3) implicitly impose limits on the use of force for self-defense which are similar to the limits of the Model Penal Code, viz., that the actor conduct himself in a prudent and reasonable manner when using force in self-defense.

Judge Cirillo, writing in support of reversal, points out that Section 3.09 of the Model Penal Code, upon which the opinion in support of affirmance relies, was not enacted into Pennsylvania law. He further points out that although one may be criminally liable for recklessness or even negligence in certain circumstances, see 18 Pa.C.S. § 503(b), this court has held that one may not be liable for crimes involving recklessness if the alleged recklessness occurs in the course of justifiable self-defense.[2] *Commonwealth v. Hilbert*, 476 Pa. 288, 382 A.2d 724 (1978).

**2.** Section 503 provides, in pertinent part:

**§ 503. Justification generally**

**(a) General rule.** Conduct which the actor believes to be necessary to avoid a harm or evil to himself or to another is justifiable if:

(1) the harm or evil sought to be avoided by such conduct is greater than that sought to be prevented by the law defining the offense charged;

(2) neither this title nor other law defining the offense provides exceptions or defenses dealing with the specific situation involved; and

(3) a legislative purpose to exclude the justification claimed does not otherwise plainly appear.

**(b) Choice of evils.** When the actor was reckless or negligent in bringing about the situation requiring a choice of harms or evils or in appraising the necessity for his conduct, the justification afforded by this section is unavailable in a prosecution for any offense for which recklessness or negligence, as the case may be, suffices to establish culpability.

The Commonwealth does not claim that Fowlin was reckless or negligent in creating the situation or in appraising the need to react to it.

In *Hilbert* the defendant claimed that she had stabbed the victim to death in self-defense. This court stated: "A claim of self-defense, if believed, would negate any element of 'ill-will, wickedness of disposition, hardness of heart, cruelty or recklessness of consequences and a mind regardless of social duty' necessary to constitute malice" 382 A.2d at 731. In another case decided the same day, *Commonwealth v. Heatherington,* 477 Pa. 562, 385 A.2d 338 (1978), the defendant claimed that he shot the victim in self-defense after the victim grabbed him. This court stated that a jury instruction which implied that both malice and self-defense may be established in a murder prosecution was in error: in fact, malice and self-defense "are mutually exclusive." 385 A.2d at 342.

■ Although *Hilbert* and *Heatherington* do not involve cases in which the defendant who was exercising his right of self-defense injured a bystander, they are relevant to the issue in this case because they establish that the defender may not be simultaneously found to have justifiably acted in self-defense and be criminally liable for crimes involving recklessness or malice.

In this case, the Commonwealth admits that Fowlin acted in justifiable self-defense. However, he was charged with aggravated assault and reckless endangerment. Aggravated assault is defined as follows:

§ 2702. Aggravated assault

(a) Offense defined.—A person is guilty of aggravated assault if he:

(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life.

18 Pa.C.S. § 2702. Reckless endangerment is defined as follows:

§ 2705. Recklessly endangering another person.

 

A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury.

18 Pa.C.S. § 2705.

■ Because the crimes with which Fowlin was charged require proof of recklessness, and because *Hilbert* holds that a claim of self-defense, if believed, negates any element of recklessness, Fowlin, a fortiori, cannot be found to have been reckless, for the Commonwealth admits that his actions were justified. If he cannot be held to have been reckless, he cannot be convicted of aggravated assault or reckless endangerment. It was error, therefore, to have denied Fowlin's application for habeas corpus relief.

Contrary to the lower courts, we believe that public policy is firmly in support of this result. In Pennsylvania, the use of force, even deadly force, is permitted under certain circumstances for self-protection:

§ 505. Use of force in self-protection

(a) Use of force justifiable for protection of the person. The use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion.

(b) Limitations on justifying necessity for use of force.

(1) The use of force is not justifiable under this section:

(1) to resist an arrest....

(ii) to resist force used by the occupier or possessor of property....

(2) The use of deadly force is not justifiable under this section unless the actor believes that such force is necessary to protect himself against death, serious bodily injury, kidnapping or sexual intercourse compelled by force or threat; nor is it justifiable if

420

(i) the actor, with the intent of causing death or serious bodily injury, provoked the use of force against himself in the same encounter; or

(ii) the actor knows that he can avoid the necessity of using such force with complete safety by retreating or by surrendering possession of a thing to a person asserting a claim of right thereto or by complying with a demand that he abstain from any action which he has no duty to take, except that:

(A) the actor is not obliged to retreat from his dwelling or place of work, unless he was the initial aggressor or is assailed in his place of work by another person whose place of work the actor knows it to be;

(B) a public officer justified in using force in the performance of his duties or a person justified in using force in his assistance or a person justified in using force in making an arrest or preventing an escape is not obliged to desist from efforts to perform such duty, effect such arrest or prevent such escape because of resistance or threatened resistance by or on behalf of the person against whom such action is directed.

(3) Except as required by paragraphs (1) and (2) of this subsection, a person employing protective force may estimate the necessity thereof under the circumstances as he believes them to be when the force is used, without retreating, surrendering possession, doing any other act which he has no legal duty to do or abstaining from any lawful action.

18 Pa.C.S. § 505. In short, the law of Pennsylvania does not require one to stand by helplessly while he is injured or killed by an assailant. And as Judge Cirillo aptly points out, when one is the victim of an attack, the assailant, not the victim, picks the time, the place, the manner, and the circumstances of the attack. Leisurely assessment of the circumstances and the danger to others is almost never a feature of such an assault, and most often, the best the victim can do is to mount a defense which hopefully will preserve his life. In many cases, the victim has only seconds to act in order to avoid injury or death. In this case, Fowlin was accosted by three

men who assaulted him with pepper spray and simultaneously drew a handgun. Fowlin assumed, with reason, that they intended to kill or seriously injure him. He acted instinctively and within our law in defending himself.

Any victim of crime who justifiably exercises his right of self-preservation may inadvertently injure a bystander. Admittedly, this court could fashion a rule of law which holds the defender criminally liable, but in doing so, we would have furthered no policy of the criminal law. Instead, we would have punished a person who was acting within his instinct for self-preservation and, in an appropriate case, within the boundaries of our law.

Additionally, we do not share the lower court's concern that random wild self-defense shootings will injure large numbers of innocent people. First, we note that there is no other reported Pennsylvania case with similar facts. Second, the right of self-defense is not absolute, and it may not be used to absolve a person who acted without justification in a claimed self-defense shooting. As indicated above, if the victim acts outside of the parameters established by the law, then his act is not justified and he may be prosecuted for injury to bystanders or others which he may inflict. Under section 505 of the Crimes Code, as applied to this case, the defender may use deadly force only if he reasonably believes that such force is necessary to avoid death or serious bodily injury;[3] he did not provoke the use of force against himself in the same incident; and finally, he could not retreat with complete safety.[4] If any of these factors is negated; i.e., the defender did not reasonably believe deadly force was necessary; he provoked the incident, or he could retreat with safety, then his use of deadly force in self-defense was not justifiable and he may be prosecuted for injuries or death he inflicts on the

**3.** Section 501 defines "belief" as "reasonably believes" or "reasonable belief."

**4.** No retreat is required in the victim's dwelling or place of work unless he was the initial aggressor or is attacked by another who also works there. 18 Pa.C.S. § 505(b)(2)(ii)(A), supra.

assailants or on bystanders. If his use of deadly force was justifiable, he may not be prosecuted for either.

The order of the Superior Court is reversed. The petition for habeas corpus is granted and the charges against Fowlin are dismissed.

CASTILLE, J., files a concurring and dissenting opinion in which NEWMAN, J., joins.

CASTILLE, Justice, concurring and dissenting.

I respectfully dissent to the majority's conclusion that a person who acts recklessly in exercising his right to self-defense may not be held criminally liable for injuries inflicted on an innocent bystander. I do not believe that a successful claim of self-defense negates the element of recklessness with respect to persons other than the attacker. Accordingly, even though I agree that appellant was justified in defending himself against his attackers, the issue of whether or not he acted recklessly towards an innocent bystander was a question of fact that should have gone to the jury.

The majority relies on *Commonwealth v. Hilbert*, 476 Pa. 288, 382 A.2d 724 (1978), and *Commonwealth v. Heathering-ton*, 477 Pa. 562, 385 A.2d 338 (1978), for the proposition that a person may not be found culpable for crimes involving reck-lessness if the alleged recklessness occurs in the course of justifiable self-defense. However, neither *Hilbert* nor *Heath-erington* involved a situation where the defendant who exer-cised his right to self-defense also injured a bystander. The issue in *Hilbert* was whether the lower court erred in charging the jury that the appellant was required to prove by a preponderance of the evidence that she was acting in self-defense when she stabbed the victim. This Court held that because self-defense negated a specific element of the crime of murder, which the Commonwealth was required to prove beyond a reasonable doubt, the lower court impermissibly required the appellant to carry the burden of proof concerning the defense. In so holding, this Court stated: "A claim of self-defense, if believed, would negate any element of ill-will,

wickedness of disposition, hardness of heart, cruelty or reck-
lessness of consequences, and a mind regardless of social duty
necessary to constitute malice." *Hilbert,* 476 Pa. at 300, 382
A.2d at 730. Similarly, in *Heatherington,* this Court held that
the trial court's instruction was erroneous where it suggested
to the jury that even if the Commonwealth proved all material
elements of murder, including malice, a claim of self-defense, if
believed by the jury, would result in acquittal because malice
and self-defense are mutually exclusive. 477 Pa. at 569, 385
A.2d at 342.

Accordingly, these cases do not address the possibility of
criminal liability for acting recklessly toward innocent third
parties while simultaneously acting in lawful self-defense to-
ward the aggressor. The majority incorrectly reasons that
based upon *Hilbert* and *Heatherington,* any recklessness dis-
played by appellant towards the bystander was negated be-
cause he acted in self-defense with respect to his attackers.
This reasoning would apply only if appellant were to be found
liable under the doctrine of transferred intent. However, here
the Commonwealth does not seek to transfer appellant's intent
with respect to his attackers, but rather seeks to impose
criminal liability because of appellant's intent with respect to a
third party. I believe that Pennsylvania's statutory scheme
and sound policy reasons allow the Commonwealth to seek to
impose criminal liability in these circumstances.

While the law of this Commonwealth recognizes the right to
exercise self-defense, it does not permit unfettered discretion
on the part of the actor. There are two relevant statutory
provisions: 18 Pa.C.S § 503 [1] and 18 Pa.C.S. § 505.[2] Section

1. Section 503 provides in pertinent part:

§ 503 Justification generally
(a) General rule. Conduct which the actor believes to be necessary
to avoid harm or evil to himself or to another is justifiable if:
(1) the harm or evil sought to be avoided by such conduct is
greater than that sought to be prevented by the law defining the
offense charged:
(2) neither this title nor other law defining the offense provides
exceptions or defenses dealing with the specific situation involved;
and

505(b)(3) allows the actor to determine whether it is necessary to use force under the circumstances as he believes them to be, how much force to use, and the manner in which to use it. It provides:

(3) Except as provided in paragraphs (1) and (2) of this subsection, a person employing protective force may estimate the necessity thereof under the circumstances as he believes them to be when the force is used, without retreating, surrendering possession, doing any other act which he has no legal duty to do or abstaining from any lawful action.

(3) a legislative purpose to exclude the justification claimed does not otherwise plainly appear.

(b) Choice of evils. When the actor was reckless or negligent in bringing about the situation requiring a choice of harms or evils or in appraising the necessity for his conduct, the justification afforded by this section is unavailable in a prosecution for any offense for which recklessness or negligence, as the case my be, suffices to establish culpability.

2. 18 Pa.C.S § 505 provides:

§ 505. Use of force in self protection

(a) Use of force justifiable for protection of the person. The use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion.

(b) Limitations on justifying necessity for use of force.

(1) The use of force is not justifiable under this section:

(i) to resist an arrest ...

(ii) to resist force used by the occupier or possessor of property ...

(2) The use of deadly force is not justifiable under this section unless the actor believes that such force is necessary to protect himself against death, serious bodily injury, kidnapping or sexual intercourse compelled by force or threat; nor is it justifiable if:

(i) the actor, with the intent of causing death or serious bodily injury, provoked the use of force against himself in the same encounter; or

(ii) the actor knows that he can avoid the necessity of using such force with complete safety by retreating or by surrendering possession of a thing to a person asserting a claim of right thereto or by complying with a demand that he abstain from any action which he has no duty to take, except that:

(A) the actor is not obliged to retreat from his dwelling or place of work ...

(B) a public officer justified in using force in the performance of his duties or a person justified in using force in his assistance or a person justified in using force in making an arrest or preventing an escape is not obliged to desist from efforts to perform such duty ...

As the statute makes clear, the right to use force in self-defense is not absolute. *See* Section 505(b)(1) and (2) (providing circumstances in which the use of force is not justifiable). Implicit in the language of Section 505(a) and (b)(3) are limitations imposed upon on an actor when using force in self-defense. The list of limitations set forth in Section 505 is not exhaustive. The specific facts of a case and judicial decision will determine whether the force used was justifiable. The language of Section 505(b)(3) does not specifically foreclose prosecution where defensive force is employed in a reckless manner towards a third party. Rather, it leaves open such a possibility.

The law of justification as found in the Crimes Code of this Commonwealth is modeled after the Model Penal Code. Section 3.09 of the Model Penal Code specifically provides that when an actor is justified in using force but recklessly injures an innocent person, the justification does not provide a defense to the recklessness. Thus, the incident which justifies the use of force in self-defense does not necessarily justify or excuse the reckless conduct towards innocent bystanders.

Section 3.09 of the Model Penal Code was not specifically incorporated into the Pennsylvania Crimes Code. However, the concept expressed in Section 3.09 of the Model Penal Code that a person could be found culpable for acting recklessly while exercising self-defense was also incorporated into the explanatory note and comment to Section 3.04 of the Model Penal Code.[3] Section 505(b)(3) of the Crimes Code is identical Section 3.04(2)(c) of the Model Penal Code. Thus, the concept found in the Model Penal Code that justification does not provide a defense to recklessness is embodied in the law of justification codified in the Pennsylvania Crimes Code. Additionally, the law of justification in this Commonwealth, while modeled after the Model Penal Code, was essentially a codification of the common law rules of self-defense. *Commonwealth v. Walley,* 466 Pa. 363, 367 n. 3, 353 A.2d 396, 398 n. 3 (1976). At the time that the legislature codified the law of justification, no case had dealt with the situation presented by

---

**3.** That section refers to the use of force in self-protection.

the instant matter, where one acting in self-defense acts recklessly and injures an uninvolved party. Accordingly, as the Superior Court pointed out, it is not surprising that there is no Pennsylvania statutory law corresponding to Section 3.09 of the Model Penal Code.

The holding of the majority effectively allows an actor to respond in any manner and with whatever amount of force he chooses no matter who he injures, so long as he is justified in acting in self-defense. This is a dangerous precedent. As the Superior Court aptly pointed out, such blanket authority for the use of self-defense defies logic, especially in contemporary society where possession of lethal weapons and confrontations involving them have become all too commonplace. Under the majority's reasoning, one would be justified and could not be found criminally liable for detonating a hand-grenade in a crowded shopping mall in order to defend himself against an attacker. Such a result is contrary to Pennsylvania's statutory scheme of justification, which sets limits for the use of self-defense. The majority decision here recognizes no such limits.

Here, appellant was at a crowded nightclub, drew his gun and fired a series of eleven random shots while blinded by pepper spray. Even if appellant was justified in shooting his attackers in self-defense, the issue of whether he was criminally responsible for the reckless behavior which caused an innocent bystander to be injured should have gone to the jury. I am persuaded by other jurisdictions which reach a similar conclusion. *See People v. Morris,* 109 A.D.2d 413, 491 N.Y.S.2d 860, *appeal dismissed,* 68 N.Y.2d 799, 506 N.Y.S.2d 859, 498 N.E.2d 423 (1986) (where a defendant is justified in shooting an attacker, he is not less justified in shooting an innocent bystander accidentally; in certain circumstances however, a defendant may be convicted of a lesser included offense if the jury concluded that the injury to the bystander was caused by the defendant's reckless or negligent conduct); *People v. Jackson,* 390 Mich. 621, 212 N.W.2d 918 (1973) (unintended killing of an innocent bystander is not murder if justifiably committed in proper self-defense; it may however be manslaughter if, considering all the circumstances, the

defendant's conduct toward the bystander was reckless); *People v. Adams*, 9 Ill.App.3d, 61, 291 N.E.2d 54 (1972) (one who acts in self-defense and accidentally kills another is guilty of no crime; but this rule is not absolute and may be subject to modification depending on the circumstances); *People v. Robinson*, 163 Ill.App.3d 754, 114 Ill.Dec. 898, 516 N.E.2d 1292, *appeal denied*, 119 Ill.2d 570, 119 Ill.Dec. 394, 522 N.E.2d 1253 (1988) (when one nonrecklessly uses justified self-defensive force against A that unintentionally kills B, one is relieved of liability for B's death). I agree with these jurisdictions that if one acts recklessly in employing self-defense, he may be held criminally responsible. Imposing a recklessness standard of care on one employing lawful self-defense is appropriate. One engaged in self-defense should bear some responsibility towards uninvolved bystanders and must not act recklessly in exercising the right of self-defense. Accordingly, I dissent.

NEWMAN, J., joins this concurring and dissenting opinion.