J-S19030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ESAU LASHOW SCOTT, | |
| Appellant | No. 1281 MDA 2016 |

Appeal from the Judgment of Sentence Entered June 29, 2016
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0002047-2015

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED MAY 16, 2017**

Appellant, Esau Lashow Scott, appeals from the judgment of sentence of an aggregate term of 18 to 36 months' incarceration, imposed after a jury convicted him of simple assault, 18 Pa.C.S. § 2701(a)(1), and disorderly conduct, 18 Pa.C.S. § 5503(a)(1).  Appellant seeks to challenge the sufficiency and weight of the evidence to sustain his simple assault conviction, as well as the discretionary aspects of his sentence.  Additionally, his counsel, Ian M. Brink, Esq., has filed a petition to withdraw his representation of Appellant pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

---

[*] Former Justice specially assigned to the Superior Court.

On May 23, 2016, a jury convicted Appellant of the above-stated offenses, and acquitted him of aggravated assault. Appellant's convictions were based on the following facts, as summarized by the trial court:

On November 6, 2015, [Appellant] visited a bar in Chambersburg, Pennsylvania. This particular bar features pool tables for its patrons' enjoyment. According to testimony presented at trial, there existed an unspoken rule (not bar policy) that in order to play pool on one of the tables, an individual must first play and beat one of the bar's regular customers, Toby. That night, [Appellant] attempted to play a game of pool without first playing Toby. As a result, [Appellant] became involved in a verbal altercation with Toby. [Appellant] escalated the situation by striking Toby. A veritable bar brawl ensued.

Near the end of the altercation, [Appellant] found himself behind the bar's security staff, and across the room from Toby, who was brandishing a stool above his head at a distance of about twelve (12) or fourteen (14) feet away from [Appellant]. Ultimately, [Appellant] grabbed multiple pool balls off one of the tables, and aimed and threw one across the room at Toby. However, the pool ball missed its target, instead striking another patron, Ms. Taray Wilkerson, who was standing close by Toby. Ms. Wilkerson sustained injuries to her face and eye, notably including a fractured skull and various effects to her vision.

Trial Court Opinion (TCO), 10/21/16, at 2-3 (citations to the record omitted).

Following Appellant's conviction, he was sentenced on June 29, 2016, to 12 to 24 months' incarceration for his simple assault offense, and a consecutive term of 6 to 12 months' incarceration for his disorderly conduct conviction. Appellant filed a timely notice of appeal, and he also timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) statement.

Therein, Appellant preserved the issues he seeks to raise herein, stating them as follows:

1. The verdict was in error and overwhelmingly against the sufficiency and weight of evidence so as to shock one's sense of justice.

2. The sentence imposed by th[e] [c]ourt on June 29, 2016 was unduly harsh and does not meet the rehabilitative needs of [Appellant], and creates an undue burden on [Appellant] and [his] family; which is in direct opposition [to] the heart of the Commonwealth's rules and procedures governing sentencing and rehabilitation.

Appellant's Pa.R.A.P. 1925(b) Statement, 8/22/16, at 1-2 (unnumbered).

As indicated, *supra*, Attorney Brink has filed with this Court a petition to withdraw and an **Anders** brief, asserting that the issues Appellant seeks to raise are frivolous, and that he has no other non-frivolous issues that counsel could argue on appeal.

This Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of

record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago,* 978 A.2d at 361. Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan,* 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

*Commonwealth v. Orellana*, 86 A.3d 877, 879-880 (Pa. Super. 2014).

After determining that counsel has satisfied these technical requirements of *Anders* and *Santiago*, this Court must then "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

In this case, Attorney Brink's *Anders* brief substantially complies with the above-stated requirements. Namely, he includes a summary of the relevant factual and procedural history (although he fails to provide citations to the record), he refers to portions of the record that could arguably support Appellant's claims, and he sets forth his conclusion that those issues, and Appellant's appeal as a whole, are frivolous. He also explains his reasons for reaching that determination, and supports his rationale with citations to the record and pertinent legal authority. Attorney Brink also states in his petition to withdraw that he has supplied Appellant with a copy of his *Anders* brief, and he attaches a letter directed to Appellant in which he informs him of the rights enumerated in *Nischan*. Accordingly, counsel

has sufficiently complied with the technical requirements for withdrawal. We will now independently review the record to determine if Appellant's issues are frivolous, and to ascertain if there are any other, non-frivolous issues Appellant could pursue on appeal.

First, according to Attorney Brink, Appellant seeks to challenge the sufficiency of the evidence to sustain his simple assault conviction.

> In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. ***Commonwealth v. Moreno***, 14 A.3d 133 (Pa. Super. 2011). Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. ***Commonwealth v. Hartzell***, 988 A.2d 141 (Pa. Super. 2009). The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt. ***Moreno, supra*** at 136.

***Commonwealth v. Koch***, 39 A.3d 996, 1001 (Pa. Super. 2011).

Regarding the offense of simple assault, this Court has explained:

Section 2701(a) of the Crimes Code provides that a person is guilty of [simple] assault if that person "attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another." 18 Pa.C.S.A. § 2701(a)(1). With respect to the elements of Section 2701(a)(1), we have observed:

> [T]he Commonwealth's burden [to prove] simple assault is to show [that the defendant] attempt[ed] to cause, or intentionally, knowingly or recklessly cause[d] bodily injury to another. "Bodily injury" is defined as impairment of [a] physical condition or substantial pain. The Commonwealth need not establish that the victim actually suffered bodily injury; rather, it is sufficient to support a conviction if the Commonwealth establishes an attempt to inflict bodily injury. A person commits criminal attempt when he [or she] intentionally does any act which constitutes a substantial step toward commission of a specific crime.

> The intent for attempt may be shown by circumstances which reasonably suggest that a defendant intended to cause injury.
>
> *Commonwealth v. Repko*, 817 A.2d 549, 556 (Pa. Super. 2003), *overruled in part on other grounds,* ***Commonwealth v. Matthews***, 870 A.2d 924 (Pa. Super. 2005) (quotation and citations omitted).

*Commonwealth v. Emler*, 903 A.2d 1273, 1277 (Pa. Super. 2006).

In this case, Appellant maintains that the evidence was insufficient to prove the intent element of simple assault because when he threw the pool ball, he did not intend for it to hit the victim; instead, he threw the ball at Toby, the man he was arguing with in the bar.

Appellant's argument is unconvincing, as the evidence was clearly sufficient to prove that he at least ***recklessly*** caused bodily injury to Ms. Wilkerson.[1]  As the trial court explains:

Under Pennsylvania law:

_____

[1] We also find Appellant's argument meritless under the 'transferred intent theory.'  ***See*** 18 Pa.C.S. § 303(b) ("When intentionally or knowingly causing a particular result is an element of an offense, the element is not established if the actual result is not within the intent or the contemplation of the actor unless: (1) the actual result differs from that designed or contemplated…, only in the respect that a different person … is injured or affected...[.]").  At trial, Appellant took the stand and admitted that he threw the pool ball with the intent to hit Toby.  ***See*** N.T. Trial, 5/23/16, at 75.  Appellant's intent to strike Toby with the pool ball can be transferred to Ms. Wilkerson, the person actually struck by the ball.  ***See Commonwealth v. Thompson***, 739 A.2d 1023, 1029-30 (Pa. 1999) ("The transferred intent theory provides that if the intent to commit a crime exists, this intent can be transferred for the purpose of finding the intent element of another crime.") (citation omitted).

> A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

> 18 Pa.C.S. § 302(b)(3).   Examining the gravity of the circumstances, the jury could reasonably [have] infer[red] that [Appellant] grossly deviated from the standard of conduct that a reasonable person would observe in his situation.    While testifying, [Appellant] himself acknowledged that his behavior on this particular night was not the best response to the situation at hand.   Moreover, on his own admission, [Appellant] threw the pool balls across a distance of twelve (12) or fourteen (14) feet, when he had been drinking, aimed at a person who was standing next to two other individuals.  [Appellant] claim[ed] he threw the pool balls to "protect himself" from Toby, who was at the time twelve (12) or fourteen (14) feet away, because he was holding up a stool.   However, it is not this [c]ourt's job to determine the credibility of witnesses, their testimony, or to act as a decider of fact.   To do so would usurp the role of the jury.   This [c]ourt finds the evidence presented at trial, viewed in [a] light most favorable to the Commonwealth, was sufficient to establish [Appellant,] at a minimum[,] acted recklessly.

TCO at 8-9 (citations to the record and case law omitted).  We agree with the trial court's rationale.

Additionally, the evidence established that Ms. Wilkerson suffered bodily injury as a result of Appellant's conduct.   Again, bodily injury is defined as "[i]mpairment of physical condition or substantial pain."   18 Pa.C.S. § 2301.  Here, the trial court stresses that,

> the pool ball thrown by [Appellant] struck Ms. Wilkerson on the left side of her face.   As a result, Ms. Wilkerson's eye swelled immediately, and she was taken by ambulance to a hospital. Ultimately, Ms. Wilkerson testified that she suffered a skull

fracture, and [she] suffered several effects to her vision in the months following the incident.[6] Further, Ms. Wilkerson testified that these injuries are the most painful thing she has ever endured, and that she experienced pain for several months following the incident.

> [6] Specifically, Ms. Wilkerson testified that she had yellow vision (essentially a yellow filter on everything), a black dot that would go across her eye, and a white flash that would go across the bottom of her eye.

*Id.* at 9-10 (citations to the record omitted). This evidence was clearly sufficient to demonstrate that Ms. Wilkerson suffered bodily injury based on the skull fracture, the impairment of her vision, and/or the substantial pain she endured. Accordingly, we agree with Attorney Brink that Appellant's challenge to the sufficiency of the evidence is frivolous.

Next, Appellant seeks to challenge the weight of the evidence to support his conviction of simple assault. Preliminarily, Appellant has waived his weight-of-the-evidence claim by failing to raise it orally before sentencing, in a written motion before sentencing, or in a post-sentence motion. *See* Pa.R.Crim.P. 607(A).

Nevertheless, even had Appellant properly preserved this issue, we would deem it frivolous. We recognize that,

> [a] claim alleging the verdict was against the weight of the evidence is addressed to the discretion of the trial court. Accordingly, an appellate court reviews the exercise of the trial court's discretion; it does not answer for itself whether the verdict was against the weight of the evidence. It is well settled that the jury is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses, and a new trial based on a weight of the evidence claim is only warranted where the jury's verdict is so contrary to the evidence that it shocks one's sense of justice. In determining whether this standard has

- 8 -

been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion.

**Commonwealth v. Houser**, 18 A.3d 1128, 1135-1136 (Pa. 2011) (citations and internal quotation marks omitted).

Here, Appellant contends that the verdict was against the weight of the evidence because he was acting in self-defense when he threw the pool ball at Toby, and "a person who unintentionally injures a third party bystander while using justifiable force in self-defense cannot be criminally liable for injury to the bystander." **Anders** Brief at 16 (citing **Commonwealth v. Fowlin**, 710 A.2d 1130, 1134 (Pa. 1998)).

The trial court rejected Appellant's argument, noting that the jury was free to reject Appellant's claim of self-defense. **See** TCO at 11. We see no abuse of discretion in the court's decision. The Commonwealth presented more than adequate evidence to disprove that Appellant was acting in self-defense, including testimony that Toby was at least 12 feet away from Appellant when Appellant threw the pool ball at him, and that security personnel from the bar had intervened and separated the two men before the ball was thrown. The fact that Toby was raising a bar stool over his head at the moment Appellant decided to throw the pool ball does not demonstrate that Appellant believed that such action was "immediately necessary for the purpose of protecting himself…." 18 Pa.C.S. § 505(a) (defining self-defense or justification for the use of force). Accordingly, we would conclude that the court did not abuse its discretion in rejecting

- 9 -

Appellant's challenge to the weight of the evidence, even had he preserved this issue for our review.

Finally, Appellant seeks to challenge the discretionary aspects of his sentence, arguing that the term of incarceration imposed is unduly harsh, fails to meet his rehabilitative needs, and places an 'undue burden' on him and his family. *See* Rule 1925(b) Statement, 8/22/16, at 1.[2] Again, Appellant did not file a post-sentence motion raising these discretionary aspects of sentencing claims, and he also did not assert them during the sentencing proceeding. Consequently, they are waived. *See Commonwealth v. McAfee*, 849 A.2d 270, 275 (Pa. Super. 2004) ("Issues challenging the discretionary aspects of sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings.").

In any event, even if properly preserved, and even if we considered Appellant's argument as constituting a substantial question for our review, there is nothing in the record that would lead us to conclude that the trial

_____

[2] To the extent that Attorney Brink indicates that Appellant wishes to argue that his sentence is excessive because he demonstrated remorse, acted in self-defense, and did not intend for the victim to be injured, *see Anders* Brief at 17, these specific claims are waived, as they were not presented in Appellant's Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

court abused its discretion in fashioning Appellant's sentence. As this Court has repeatedly recognized:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008) (quoting *Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006) (citation omitted)).

In the trial court's Rule 1925(a) opinion, it provides a thorough and reasonable explanation for imposing Appellant's sentence. The court begins by stressing that it rejected the Commonwealth's request to impose a deadly weapon enhancement in this case (based upon considering the pool ball as a deadly weapon). *See* TCO at 12-13. However, the court did impose aggravated range sentences for both of Appellant's offenses. *Id.* at 13. It points to the following comments it made at the sentencing hearing as justification for those sentences:

> [The Court]: Sir, you're here to be sentenced on two charges for which you were convicted by a jury. The simple assault charge carries a[n] [offense] gravity score of three. You have a prior record score of five, making the standard range of six to 12 months.
>
> I am not going to find a deadly weapon was involved since [the] standard range is 6 to 12. You are also convicted of disorderly conduct[,] [] with a gravity score of one, and, again, a prior

- 11 -

record score of five. The standard range for that charge is six months.

I have reviewed the extensive pre-sentence report prepared by our Probation Department, as well as sentencing memorandums prepared by counsel in this case. I presided over the trial; I heard the evidence. I heard what you had to say this morning, sir, as well, and I have considered all those things in trying to determine the appropriate sentence to fashion in this case.

There are two things contained within the pre-sentence report that affect my decision greatly. The one is the prior record. The accounting of your history in the criminal justice system go[es] back to 1991 with really no extensive period of time crime-free.

I asked you about the sentence from the 2006 case because that is the last case [and] because I wanted to know how long you were incarcerated. If this disposition was in [20]09 and [lasted] until 2014, again, that validates the point I'm making that you have not lived without committing a new crime [in] the last 25 years for any extensive period of time, which is quite concerning to this [c]ourt, and the crimes have been in multiple jurisdictions, Florida, Maryland, North Carolina, Georgia…[.] [T]his would be [at least] your fourth jurisdiction with serious charges.

In this case you were not convicted of a felony offense. You were convicted of a misdemeanor. I recognize that, but this prior history is quite concerning, and I'm trying to determine what kind of programming may be beneficial to you so that when you're released from incarceration and from supervision, that you will break this pattern of victimizing again in the future….

So I have considered that factor. I have also considered the negative recommendation from Officer Heinz that is included within the pre-sentence record.

Sir, I am finding that you are in need of treatment given your prior history. You have previously been in a state system, and I'm going to sentence you to the Pennsylvania State System as well because I believe that is where you are better suited for treatment alternatives given your history and prior incarcerations within state systems. Also, recognizing the fact that for the state to have sufficient time to provide programming, a minimum of 12 months is needed to get you through programming in our state correctional institution. So

> the sentence that I'm going to impose will be sentences that account for your prior record, your extensive prior record, and also your need for treatment.

TCO at 14-15 (quoting N.T. Sentencing, 6/29/16, at 10-13).

In light of the reasons proffered by the trial court during the sentencing hearing, we would not conclude, even had Appellant preserved his sentencing challenge, that the court abused its discretion in fashioning his term of incarceration. We acknowledge that his aggregate sentence is lengthy, given that he was convicted of misdemeanor offenses. However, the court provided clear reasons for imposing aggravated range terms - namely, Appellant's extensive criminal history, the fact that he had very little 'crime-free' time over the past 25 years, and his need for significant rehabilitation, which the court felt could best be met by a lengthier term of imprisonment in a state correctional institution. Given the court's careful consideration of "the particular needs" of Appellant, **see** TCO at 15, we could not conclude that the court committed a manifest abuse of discretion that would justify disturbing the sentence it imposed. **See Sheller**, 961 A.2d at 190.

Accordingly, we agree with Attorney Brink that each of the issues Appellant seeks to assert on appeal are frivolous, and our independent review of the record does not reveal any other, non-frivolous issues he could present on Appellant's behalf. Thus, we grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

President Judge Gantman joins this memorandum.

President Judge Emeritus Stevens concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/16/2017