J-S14036-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| PHILLIP MULLIN | : | |
| | : | No. 1458 EDA 2017 |
| Appellant | : | |

Appeal from the PCRA Order April 11, 2017
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0000115-2012

BEFORE:   OTT, J., McLAUGHLIN, J., and RANSOM*, J.

MEMORANDUM BY RANSOM, J.:                    **FILED APRIL 16, 2018**

Appellant, Phillip Mullin, appeals the order entered April 11, 2017, denying his first petition for collateral relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

> The relevant facts . . . are as follows.  On December 23, 2011, Appellant, Sean McGonagle ("Victim") and Dennis McGonagle ("Victim's Father") were at the Black Horse Tavern in Montgomery County.  All three were regulars at the bar and acquaintances.  A verbal altercation ensued between Appellant and Victim's Father in which Appellant stated Victim's Father, Victim, and Victim's girlfriend were all crazy, that Victim was a "punk and a pussy," and that he would "kick [Victim's] ass" and "would have stuck a knife in [Victim's] heart."  Victim's Father shoved Appellant and bartenders stopped serving both of them and broke up the fight.  They left separately, Appellant without paying his tab.  Victim stayed at the bar.  After getting a call from the cook to come pay his tab, Appellant returned. Appellant tried to get a seat close to Victim, but customers intervened, and the bartender would not serve Appellant. Eventually, Appellant sat next to Victim and offered to buy him a drink, which Victim accepted.

_____
*   Retired Senior Judge assigned to the Superior Court.

When Victim left to walk his friend to her car, Appellant followed him in an "abrupt and hurried" manner. In the parking lot, Appellant tested the taser that was in his pocket and pointed it at Victim and his friend. After the friend departed, Appellant pointed the taser at Victim's chest. Victim indicated that if Appellant tased him, he would "kick [Appellant's] ass." Appellant shot the taser and the prongs hit Victim's leg, but the electrical current did not deploy. Victim began punching Appellant repeatedly and both men fell on the ground with Victim on top. During the fight, Appellant held the taser in one hand and kept the other in his pocket which held the .36 caliber gun. Appellant shot Victim in the chest.

An off-duty emergency medical technician who was in the parking lot tended to Victim, who was soon rushed to the hospital and is now paraplegic. Police apprehended Appellant from his home after a SWAT team intervened and administered 18 canisters of tear gas. All of this information was submitted to a jury in the form of eyewitness testimony and video surveillance.

*Commonwealth v. Mullin*, 120 A.3d 1066, No. 535 EDA 2014, 2015 WL 7432849, at *1 (Pa. Super. Mar. 31, 2015) (unpublished memorandum) (citations to the record omitted).

In February 2013, Appellant had a jury trial, during which defense counsel contended that Appellant's choice to shoot the Victim was justified, because the Victim was beating Appellant when Appellant fired his gun. During closing argument, Appellant's trial counsel argued that Appellant shot the Victim out of fear for his life and thus acted in self-defense. Notes of Testimony (N. T.), 2/13/13, at 55-57. During the Commonwealth's closing argument, the prosecution countered: "You have no evidence, none before you that [Appellant] was in any fear right there at that moment." *Id.* at 87.

Appellant was convicted of aggravated assault causing serious bodily injury, aggravated assault with a firearm, possessing instruments of crime, firearms not to be carried without a license, recklessly endangering another person, and resisting arrest.[1]  After sentencing, Appellant filed a direct appeal, and this Court affirmed Appellant's judgment of sentence in March 2015.  ***Commonwealth v. Mullin***, 120 A.3d 1066, No. 535 EDA 2014, 2015 WL 7432849 (Pa. Super. Mar. 31, 2015) (unpublished memorandum).  In June 2015, Appellant filed a petition for allowance of appeal with the Supreme Court of Pennsylvania, which was denied in September 2015.  ***Commonwealth v. Mullin***, 124 A.3d 309 (Pa. 2015).

In January 2016, Appellant timely filed a counseled PCRA petition, asserting ineffective assistance of counsel.  In February 2017, the PCRA court held an evidentiary hearing.  During the hearing, trial counsel testified that he recommended that Appellant not testify, because he feared that Appellant would be cross-examined in a way that would hurt the case.  N. T., 2/10/17, at 7.  Trial counsel continued that, in his opinion, if Appellant "had testified he would have been convicted of everything in five minutes. . . . [b]ecause he would have made a horrendous witness."  ***Id.*** at 11.  Trial counsel explained:

---

[1] 18 Pa.C.S. §§ 2702(a)(1), 2702(a)(4), 907(b), 6106(a)(1), 2705, and 5104, respectively.  Appellant was found not guilty of attempted murder of the first degree.

- 3 -

[Appellant] suffered a very, very severe head injury when he was [a] kid. I think it affects the way he relates to other people, it affects the way he speaks and that jury wouldn't know him the way I do and they would have taken that for, as many people do, hostility, anger.

He has a difficult time relating to other people. By "relating," I mean communicating.

*Id.* Additionally, trial counsel testified that, after the Commonwealth had finished its closing argument, he requested a sidebar and objected to the Commonwealth's statements during its closing that there was no evidence that Appellant was afraid. *Id.* at 17-18. Trial counsel did not know why the discussion during this sidebar was not included in the notes of testimony.

In April 2017, the trial court denied Appellant's PCRA petition. Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The court issued a responsive opinion.

Appellant raises the following issues for our review:

Was the Appellant denied effective assistance of trial counsel due to

    A. The failure to object to flawed jury instructions;

    B. The failure to [object to] prosecutorial misconduct;

    C. The failure to call the Appellant to testify; and

    D. The failure to object to an excessive sentence imposed without a statement of reasons?

Appellant's Brief at 3.

As a preliminary matter, we note that Appellant did not include any claim that trial counsel was ineffective for failing to challenge his sentence in his statement of errors complained of on appeal. Appellant hence has failed

to preserve this issue for appeal. *See* Pa.R.A.P. 1925(b)(4)(ii) ("The Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge."); *In re A.B.*, 63 A.3d 345, 350 (Pa. Super. 2013) (appellant's concise statement of matters complained of on appeal must properly specify error or errors to be addressed on appeal); *Tucker v. R.M. Tours*, 939 A.2d 343, 346 (Pa. Super. 2007).

In reviewing an appeal from the denial of PCRA relief, "this Court is limited to ascertaining whether the evidence supports the determination of the PCRA court and whether the ruling is free of legal error." *Commonwealth v. Andrews*, 158 A.3d 1260, 1263 (Pa. Super. 2017) (citation omitted).

Here, Appellant contends that his trial counsel was ineffective. Generally, to obtain relief on a claim of ineffective assistance of counsel, a petitioner must plead and prove that (1) the underlying claim is of arguable merit; (2) counsel's performance lacked a reasonable basis; and (3) the ineffectiveness of counsel caused him prejudice. *Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987). If a petitioner fails to prove by a preponderance of the evidence any of the *Pierce* prongs, 527 A.2d at 975, the court need not address the remaining prongs. *Commonwealth v. Fitzgerald*, 979 A.2d 908, 911 (Pa. Super. 2009).

**Jury Instruction**

Appellant asserts that trial counsel was ineffective for failing to request an instruction informing the jury that an imperfect justification defense would eliminate the *mens rea* necessary to support a conviction for aggravated assault. Appellant's Brief at 9. Appellant's assertion is without legal support. ***But see Commonwealth v. Fowlin***, 710 A.2d 1130, 1132 (Pa. 1998) (observing that *justifiable* self-defense eliminates recklessness or malice, not imperfect self-defense). Here, the jury was properly instructed on the defense of justification, N. T., 2/13/13, at 134-38, and the jury rejected the defense. Therefore, the jury could convict Appellant of aggravated assault.

Appellant also suggests that his imperfect justification defense entitles him to a jury instruction on lesser charges, drawing an analogy with the crimes of murder and voluntary manslaughter, where a defendant is entitled to a jury instruction on the lesser charge of voluntary manslaughter where the facts support a finding that the defendant's belief in justifying circumstances was unreasonable. Appellant's Brief at 12; ***see, e.g.***, ***Commonwealth v. Sanchez***, 82 A.3d 943, 980 (Pa. 2013).

> A person who intentionally or knowingly kills an individual commits voluntary manslaughter if at the time of the killing he believes the circumstances to be such that, if they existed, would justify the killing under Chapter 5 of this title (relating to general principles of justification), but his belief is unreasonable.

18 Pa.C.S. § 2503(b). However, the charge of voluntary manslaughter based upon an unreasonable belief that the killing was justifiable was specifically crafted by the legislature. If the legislature wanted a similar category of aggravated assault based upon an unreasonable belief that the assault was justified, it would have included one in the statutory definition of aggravated assault.

As Appellant's underlying claim that he was entitled to a jury instruction on self-defense has no merit, Appellant has failed to establish the first **Pierce** prong. 527 A.2d at 975. Thus, trial counsel cannot be held to be ineffective for not requesting such an instruction.

### Prosecutorial Misconduct

Next, Appellant maintains that his trial counsel was ineffective for failing to preserve an objection to prosecutorial misconduct "when the district attorney emphasized to the jury that the Appellant had failed to prove that he had a subjective fear" of the victim's conduct. Appellant's Brief at 14; **see** N. T., 2/13/13, at 86-87.

However, trial counsel testified that he did object during sidebar to the Commonwealth's remarks about the lack of evidence to show that Appellant was afraid. N. T., 2/10/17, at 17-18. Although this sidebar was not made part of the record, there was no evidence presented that this sidebar and objection did not occur. Furthermore, the PCRA court found trial counsel's testimony "extremely credible." PCRA Court Opinion, 8/22/17, at 11. As

trial counsel did object to the Commonwealth's comments, Appellant's underlying claim is again without merit, and trial counsel cannot be found to be ineffective for failing to object to the Commonwealth's closing argument. *Pierce*, 527 A.2d at 975.

## Appellant's Testimony

Finally, Appellant insists that trial counsel "prevented" him from testifying in his own defense. Appellant's Brief at 17.

During the PCRA hearing, trial counsel explained that he advised Appellant not to testify, because Appellant would have been a poor witness due to his difficulty communicating, which could have made Appellant appear hostile or angry to the jury. N. T., 2/10/17, at 11. Accordingly, trial counsel's decision had a reasonable basis, and, consequently, Appellant failed to prove the second *Pierce* prong. 527 A.2d at 975. Ergo, we need not address the remaining prongs. *Fitzgerald*, 979 A.2d at 911.

Hence, Appellant has failed to establish any of his claims of ineffective assistance of trial counsel. We therefore affirm the PCRA counsel's denial of his PCRA petition.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/16/18