J-A16039-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DERRICK LAMAR KING | : | |
| | : | |
| Appellant | : | No. 2035 MDA 2019 |

Appeal from the Judgment of Sentence Entered September 5, 2019
in the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0005008-2018

BEFORE: PANELLA, P.J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED: OCTOBER 30, 2020**

Derrick Lamar King ("King") appeals from the judgment of sentence imposed following his convictions of one count of aggravated assault and two counts of simple assault.[1] We affirm.

On July 3, 2018, at approximately 9:55 a.m., Christopher Williams ("Williams") was in the process of being discharged from the Berks County Prison. Correctional Officer Matthew Lutz ("C.O. Lutz") ordered Williams to go down to the first floor of the cell block, but Williams failed to do so. After some time, Williams descended to the first floor, where he encountered King, also an inmate, and the men engaged in an argument. C.O. Lutz ordered Williams to proceed to the desk for final discharge, but Williams ignored C.O. Lutz's directive. As the argument between Williams and King escalated, C.O.

_____

[1] 18 Pa.C.S.A. §§ 2702(a)(3), 2701(a)(1).

Lutz called for the Special Operations Group ("S.O.G.") to respond to the situation. C.O. Lutz repeatedly ordered King and Williams to stop arguing and attempted to physically separate the men. As C.O. Lutz stepped between King and Williams, King struck C.O. Lutz in the face, knocking him out.

At roughly the same time, Correctional Officer James Barron ("C.O. Barron"), a member of S.O.G., responded to the scene. C.O. Barron watched King's single punch make contact with both C.O. Lutz and Williams. C.O. Barron approached King, who took up a fighting stance. C.O. Barron wrapped his arms around King, forced him to the ground, and handcuffed King. C.O. Lutz was transported to Reading Hospital, where he was diagnosed with a concussion.

At the close of the bench trial, on August 30, 2019, the trial court deferred issuing a verdict in order to continue reviewing the video surveillance from the cell block.[2] Additionally, the trial court requested that the parties find case law regarding the doctrine of transferred intent. On September 5, 2019, the trial court convicted King of the above-mentioned offenses.

A pre-sentence investigation report had been prepared in advance of the verdict and King immediately proceeded to sentencing. The trial court

_____

[2] The video surveillance was not included in the certified record on appeal. *See Commonwealth v. Bongiorno*, 905 A.2d 998, 1000 (Pa. Super. 2006) (stating that it is the appellant's duty to ensure that the record certified on appeal is complete).

sentenced King to a term of 21 to 42 months in prison for the charge of aggravated assault, and a concurrent term of 12 to 24 months in prison for one charge of simple assault.[3] The trial court directed King's sentence to run consecutively to the unrelated sentence he was then serving at docket number CP-06-CR-4202-2017 ("No. 4202-2017").

On September 11, 2019, King filed a timely post-sentence Motion, challenging the sufficiency and weight of the evidence. Additionally, King requested that the trial court modify his sentence so that it could be served concurrently with his sentence at No. 4202-2017. After a hearing, the trial court denied King's post-sentence Motion. King filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

King now raises the following claims for our review:

A. Whether the evidence presented at trial was insufficient as a matter of law[,] where[] the Commonwealth's evidence presented at trial failed to establish that [King] did not act in self-defense?

B. Whether the evidence presented at trial was insufficient as a matter of law[,] where[] the Commonwealth's evidence presented at trial failed to establish that [King] did intent [*sic*] to cause or did cause bodily injury to the alleged victim?

C. Whether the verdict was against the weight of the evidence[,] where[] the verdict is so contrary to [the] evidence and shocks one's sense of justice[,] where the Commonwealth's evidence presented at trial failed to establish that [King] did not act in self-defense?

_____

[3] The remaining simple assault conviction merged for sentencing purposes.

- 3 -

D. Whether the verdict was against the weight of the evidence[,] where[] the verdict is so contrary to [the] evidence and shocks one's sense of justice[,] where the Commonwealth's evidence presented at trial failed to establish that [King] did intent [*sic*] to cause or did cause bodily injury to the alleged victim?

Brief for Appellant at 4-5 (some capitalization omitted).

We will address King's first two claims together, as both challenge the sufficiency of the evidence presented against him at trial. In his first claim, King argues that the Commonwealth's evidence was insufficient to support a conviction of simple assault against Williams, where King was acting in self-defense. *Id.* at 10. King contends that Williams had balled his fists and that King responded to the provocation by throwing a punch. *Id.* at 10-11. King claims that he was unable to retreat, because Williams, who was yelling at King, descended from the second floor to the first floor, advanced towards King and continued yelling at King. *Id.* at 13. Further, King states that Williams "squared up in a fighting position against [King]" and was being disorderly. *Id.*

King further claims that the trial court misapplied the doctrine of

transferred intent,[4] because his punch towards Williams was justified under the self-defense doctrine. *Id.* at 11-13. In support of this claim, King relies on our Supreme Court's decision in *Commonwealth v. Fowlin*, 710 A.2d 1130 (Pa. 1998).[5] Brief for Appellant at 11-13. King claims that he intended to punch Williams, not C.O. Lutz. *Id.* at 13-14. King asserts that he was justified when he threw a single punch at Williams and, under *Fowlin*, he could not have been convicted of simple assault or aggravated assault for the accidental strike to C.O. Lutz. *Id.* at 12-13.

_____

[4] The doctrine of transferred intent provides, in relevant part, the following:

**§ 303. Causal relationship between conduct and result**

* * *

**(b) Divergence between result designed or contemplated and actual result.**--When intentionally or knowingly causing a particular result is an element of an offense, the element is not established if the actual result is not within the intent or the contemplation of the actor unless:

(1) the actual result differs from that designed or contemplated as the case may be, only in the respect that a different person or different property is injured or affected or that the injury or harm designed or contemplated would have been more serious or more extensive than that cause[]

18 Pa.C.S.A. § 303(b)(1).

[5] In *Fowlin*, our Supreme Court held that when a person, acting in justifiable self-defense, injures a third-party bystander, he may not be found criminally liable for his injury to the bystander. *Fowlin*, 710 A.2d at 1131.

In his second claim, King argues that the Commonwealth failed to establish that he intended to cause, or did cause, bodily harm to Williams. *Id.* at 14. King emphasizes that the Commonwealth did not call Williams to testify and, thus, the trial court erred in finding that "there was sufficient evidence to show a simple assault [against Williams]."[6] *Id.*

When examining a challenge to the sufficiency of the evidence, we adhere to the following standard of review:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be

---

[6] We could deem King's second claim waived for failure to adequately develop the claim for our review. *See* Pa.R.A.P. 2119(a) (providing that an appellant's argument shall include "such discussion and citation of authorities as are deemed pertinent."); *see also Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) (stating that "it is appellant's duty to present arguments that are developed for our review" and "[t]his Court will not act as counsel and will not develop arguments on behalf of an appellant."); *In re R.D.*, 44 A.3d 657 (Pa. Super. 2012) (stating that where an appellant's brief lacks analysis, meaningful appellate review is precluded). However, we decline to do so because it is closely related to his first claim.

considered. Finally, the [trier] of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Smith*, 97 A.3d 782, 790 (Pa. Super. 2014) (citation omitted).

The Crimes Code defines the offense of aggravated assault as follows:

**§ 2702. Aggravated assault**

**(a) Offense defined.**--A person is guilty of aggravated assault if he:

* * *

(3) attempts to cause or intentionally or knowingly causes bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c), in the performance of duty[]

* * *

**(c) Officers, employees, etc., enumerated.**--The officers, agents, employees and other persons referred to in subsection (a) shall be as follows:

* * *

(9) Officer or employee of a correctional institution, county jail or prison, juvenile detention center or any other facility to which the person has been ordered by the court pursuant to a petition alleging delinquency under 42 Pa.C.S.[A.] Ch. 63 (relating to juvenile matters).

18 Pa.C.S.A. § 2702(a)(3), (c)(9).

Additionally, the Crimes Code provides that "[a] person is guilty of assault if he: (1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another." *Id.* § 2701(a)(1).

- 7 -

As stated above, King claims that his use of force was justified under the doctrine of self-defense. The use of force against a person is justified "when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force" by another person. 18 Pa.C.S.A. § 505(a). There is no burden on the defendant to prove a claim of self-defense, but there must be some evidence, from any source, to justify a finding of self-defense. *See Commonwealth v. Black*, 376 A.2d 627, 630 (Pa. 1977). If there is any evidence that will support the claim, then the issue is properly before the fact finder. *See Commonwealth v. Mayfield*, 585 A.2d 1069, 1071 (Pa. Super. 1991). "If a defendant introduces evidence of self-defense, the Commonwealth bears the burden of disproving the self-defense claim beyond a reasonable doubt." *Commonwealth v. Houser*, 18 A.3d 1128, 1135 (Pa. 2011).

The Commonwealth can disprove a claim of self-defense by establishing that "[1] the accused did not reasonably believe that he was in danger of death or serious bodily injury; or [2] the accused provoked or continued the use of force; or [3] the accused had a duty to retreat and the retreat was possible with complete safety." *Smith*, 97 A.3d at 787. The Commonwealth must establish only one of these three elements beyond a reasonable doubt. *Commonwealth v. Burns*, 765 A.2d 1144, 1149 (Pa. Super. 2000).

In its Opinion, the trial court addressed King's self-defense claim as follows:

The [trial] court, sitting as the finder of fact in a bench trial, did not find that [King] was acting in self[-]defense[,] but was the aggressor in the situation. [King] also had the ability to retreat.

The [trial] court reviewed the video multiple times. [C.O. Lutz] testified that [Williams] was ordered down to the first level. [King] approached and asserted himself into the situation. The situation escalated and [King] was the initial aggressor. While [Williams] did not back down in response to [King]'s aggression, [that] does not negate [King]'s culpability. It seems incongruous that [Williams], at the moment of his release, would deliberately choose to instigate a fight that would almost certainly result in his continued incarceration. The theory of self-defense [] was rejected by the [trial] court. [King] threw a punch intending to hit [Williams,] but [C.O. Lutz] had already moved in [] between the men and was struck with enough force to render him unconscious. The fact that [C.O. Lutz] was not the intended target does not negate the fact that this was an intentional choice to strike by [King] with the intent to cause injury to another person. When viewed in the light most favorable to the Commonwealth, evidence of each material element of the crimes charged was established beyond a reasonable doubt.

Trial Court Opinion, 2/7/20, at 5.

We agree with and adopt the trial court's reasoning in rejecting King's first two claims. *See id.*; *see also Smith*, *supra*; *Burns*, *supra*. Additionally, we observe that the trial court also had the benefit of the video surveillance from the cell block, which the trial court reviewed extensively. *See* N.T. (Bench Trial), 8/30/19, at 32, 48 (wherein the trial court took a recess to watch the video multiple times and ultimately deferred the verdict to continue reviewing the video); *see also* Trial Court Opinion, 2/7/20, at 5. Moreover, to the extent that King relies on *Fowlin*, his argument is without merit because King was not acting in justifiable self-defense when he threw a

punch at Williams. *See* Trial Court Opinion, 2/7/20, at 5; *see also Smith*, *supra*; *Burns*, *supra*.

Regarding King's second claim, the record reflects that he was attempting to strike, and did strike, Williams. *See* N.T. (Bench Trial), 8/30/19, at 25-27 (wherein C.O. Barron testified that King threw a punch at Williams, striking both C.O. Lutz and Williams). Additionally, in his brief, King acknowledged that he was attempting to strike Williams. *See* Brief for Appellant at 13. Thus, the Commonwealth's evidence established an attempt to cause injury, where King threw a punch, intended for Williams, powerful enough to give C.O. Lutz a concussion. *See* N.T. (Bench Trial), 8/30/19, at 12-13; *see also Commonwealth v. Martuscelli*, 54 A.3d 940, 948-49 (Pa. Super. 2012) (stating that "it is sufficient to support a conviction [of simple assault] if the Commonwealth establishes an attempt to inflict bodily injury[,]" and that such attempt may be shown by circumstances reasonably suggesting that a defendant intended to cause injury). Accordingly, we cannot grant King relief on his first two claims.

In his remaining two claims, King asserts that the verdict was against the weight of the evidence. Brief for Appellant at 15-16. In both claims, he asserts that "the trial court committed error in not finding that the verdict was against the weight of the evidence and that[,] in fact[,] the verdict shock's one's sense of justice." *Id.*

Our standard of review related to a challenge to the verdict as against the weight of the evidence is well settled.

> The weight of the evidence is exclusively for the finder of fact[,] who is free to believe all, part, or none of the evidence and to determine the credibility of witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the … verdict if it is so contrary to the evidence as to shock one's sense of justice.

*Commonwealth v. Small*, 741 A.2d 666, 672-73 (Pa. 1999). Additionally, where the trial court has ruled on the weight claim, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence; rather, our appellate review is limited to whether the trial court abused its discretion in ruling on the weight claim. *Commonwealth v. Champney*, 832 A.2d 403, 408 (Pa. 2003).

King has failed to adequately develop his third and fourth claims for our review. King's arguments regarding both of these claims contain a single boilerplate citation of this Court's standard of review, with no further discussion of relevant case law, statutes, or the facts of his case. Accordingly, King's remaining claims are waived. *See* Pa.R.A.P. 2119(a); *see also Hardy*, *supra*; *In re R.D.*, *supra*.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/30/2020